United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

----------------------

No. 06-30471
Summary Calendar

----------------------

VELOCITY ENERGY LIMITED L L C

Plaintiff - Appellant

v.

CHEVRON USA INC; RAYMOND I WILCOX; MELODY BOONE MEYER

Defendants - Appellees

-------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana, Lafayette
No. 6:05-CV-1779
-------------------------------------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant, Velocity Energy Limited LLC, appeals the summary judgment granted by the district court in favor of defendants-appellants, Chevron USA Inc. ("Chevron"), Raymond I. Wilcox, and Melody Boone Meyer. The dispute arises out of a letter of intent (entitled "Exclusivity Agreement and Non-Binding Letter of Intent to Purchase OCS Fields Vermilion 214, Vermilion

----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

245, South Marsh Island 66") entered into between Velocity and Chevron, setting forth the preliminary agreements between the parties for the possible sale of several offshore mineral properties by Chevron to Velocity. The letter of intent contemplated that both parties would work toward an eventual binding asset sale agreement ("ASA"). Except for two provisions that are not at issue here, the letter of intent was a classic example of a non-binding agreement, employing a belt and suspenders approach to language addressing its non-binding nature.

Apparently both parties did, in fact, work along toward a binding ASA, but such an agreement was never reached. The fatal problem occurred when Chevron's senior management declined to approve the sale and the related ASA. The letter of intent is explicit: each party agreed to "timely seek approval of such party's senior management to enter into a legally binding ASA (which approval, it is understood, is not assured and may not occur)." Velocity argued to the district court, and argues here, that Chevron's senior management did, in fact, approve the ASA. But the record conclusively belies that. The record makes clear that Chevron's senior management did not have the power to approve the ASA without the approval of the Executive Committee of its corporate parent. The letter of intent was amended to delay the period for entering into the formal, binding ASA to October 7, 2004, which (all parties understood) would permit the

2

Executive Committee of Chevron's corporate parent to consider the sale and the ASA at its October 5 meeting. The meeting occurred, but the Executive Committee declined to vote the ASA out as "approved." Hence, the senior management of Chevron declined to approve the ASA.

The district court correctly found that Chevron tried unsuccessfully to obtain Executive Committee approval. When it proved to be unavailable, the objectives of the letter of intent were no longer achievable and the deal died a natural death. Velocity had no claim for breach of contract or for specific performance. The letter of intent was simply that; no binding contract (except for the two provisions not at issue here) was ever confected. Under the circumstances, any detrimental reliance by Velocity upon the letter of intent was presumptively unreasonable, and Velocity's claim for detrimental reliance was correctly disposed of.

The judgment of the district court is AFFIRMED.